**RECEIVED**

MAY 2 7 2008

ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

GLENN LANCON

VS.

AIG AMERICAN INT'L
   COMPANIES
AMERICAN HOME ASS'N CO.
LANDSTAR RANGER, INC.
MICHAEL A. MACKEY

CIVIL ACTION NO. 07-0891

JUDGE HAIK

MAGISTRATE JUDGE METHVIN

*JURISDICTIONAL AMOUNT REVIEW*

This case was removed from a local state court based on the allegation of Mackey and

Landstar Ranger, Inc. that the matter in controversy exceeds $75,000 and that this court therefore

has diversity jurisdiction under Title 28 U.S.C. § 1332. Defendants' allegations as to the amount

in controversy are unsupported by specific facts.

A removing defendant must prove by a preponderance of the evidence that the amount in

controversy exceeds $75,000 by either (1) demonstrating that it is facially apparent that the

claims are likely above $75,000 or (2) setting forth the specific facts in controversy that support a

finding of the jurisdictional amount. Simon v. Wal Mart Stores, 193 F.3d 848 (5th Cir. 1999);

Luckett v. Delta Airlines, Inc., 171 F.3d 295 (5th Cir. 1999).

In accordance with state law,[1] plaintiff has not specified the numerical value of his

damage claim. In their Notice of Removal, defendants contend that because plaintiff has not pled

that the amount in controversy is less than that required for federal jurisdictional, the case was

---

[1] La.Code Civ.P. art. 893(A)(1).

2

removable on that ground.[2] Defendants provide no additional evidence specifically relating to the plaintiff's claims to support its allegation that the jurisdictional amount is satisfied.

Plaintiff alleges the following facts. On or about April 17, 2006, he was traveling north on the inside lane of US Highway 167 (Johnston Street), Lafayette, Louisiana. Mackey, an employee of Landstar, was also traveling north in the inside lane ahead of plaintiff in a freightliner tractor trailer truck owned by Landstar. Plaintiff saw Mackey give a left turn signal, and plaintiff switched to the outside lane. Mackey, suddenly and without warning, started making a right turn into the outside of lane of travel, and struck plaintiff's vehicle causing him lose control of it, run off of the roadway, and collide with a parked car. The freightliner was insured by AIG American Int'l Companies and/or American Home Ass'n Co.

---

[2] Defendants cite several cases out of the Western District of Louisiana. La. Code Civ. P. art. 893(A)(1) requires a plaintiff, when his claims are less than required for federal jurisdiction, to so allege in his petition. Based on this rule, these courts hold that when there is no such allegation in the removed petition, the plaintiff has in effect conceded in his state court pleadings that the requisite jurisdictional amount is in controversy. *See e.g.* Albert v. Jordan, Civ. Action No. 05-0516 ( W. D. La. July 8, 2005) (M.J. Wilson); Dupuis v. American Home Ass'n Co, Civ. Action No. 05-1240 (W.D. La. Dec. 20, 2005) (M.J. Hill). Other courts have not reached the same conclusion. *See* George v. Dolgencorp, Inc., 2008 WL 103957, 1 ((W.D. La. Jan. 9, 2008) (J. Drell) (adopting in part the report and recommendation of Magistrate Judge Kirk and holding that defendant's burden on removal is unaffected by plaintiff's failure to comply with art. 893 because, even if he had, his statement would only be an opinion as to federal jurisdiction and is simply one piece of evidence to consider); Weber v. Stevenson, 2007 WL 4441261, 4 (M.D. La. Dec. 14, 2007) (J. Brady, adopting the report and recommendation of M.J. Dalby) (finding that the plaintiffs' failure to follow La. C.C.P. art. 893(A)(1)'s mandate, while entitled to some consideration, in and of itself was not determinative of the amount in controversy); Blocker v. State Farm Fire and Cas. Co. 2008 WL 2018296, 3 n.3 (E.D. La. May 8, 2008) (J. Engelhardt) (absent binding waiver of recovery for any amount in excess of $75,000 given the defendants evidentiary showing, plaintiffs' allegation that their damages do not exceed $75,000 was not determinative of the court's diversity jurisdiction.

3

Plaintiff alleges that he suffered injuries to his body as a whole, including but not limited to his neck, back, hip, arms, shoulders and legs as a result of the accident.[3] Although plaintiff seeks damages due to Mackey's alleged negligence for past and future medical expenses; past and future pain and suffering; past and future mental and emotional anguish; and past and future disability, it is impossible to tell from plaintiff's allegations the nature or extent of his injuries in order to determine whether this court has jurisdiction.

In removal cases in which the jurisdictional amount is not "facially apparent," the court may require the removing party to submit "summary-judgment-type evidence, relevant to the amount in controversy at the time of removal." Allen v. R&H Oil & Gas Co., 63 F.3d 1326, 1336 (5th Cir. 1995) (emphasis added). Relevant jurisdictional facts which should be included in the response to this Order include the following: (1) a description of the nature and severity of plaintiff's injuries; (2) plaintiff's diagnosis, including whether surgery was recommended at the time of removal; (3) whether the plaintiff underwent surgery by the time of removal, and the nature thereof; (4) duration of medical treatment; (5) dollar amount of medicals incurred at the time of removal; (6) time of removal estimate of the dollar amount of medicals which plaintiff will probably incur in the future based upon the medical diagnosis; (7) lost wages incurred at time of removal; (8) lost wages which plaintiff will probably incur in the future based upon the medical diagnosis; and (9) citations to caselaw involving similar facts which reflect verdicts in the amount of $75,000.00 or more. These facts should be presented in summary-judgment-type evidence.

---

[3] Rec. Doc. 1.

4

**IT IS THEREFORE ORDERED** that *on or before June 8, 2008*, defendants shall file a memorandum setting forth specific facts in controversy which support a finding that the jurisdictional amount exists.  Supporting documentation and/or affidavits are advisable.  A copy of the memorandum shall be provided to the undersigned an opposing counsel.

Plaintiff will be allowed ten days to reply to defendants' arguments.

Signed at Lafayette, Louisiana on ___May___, __27__, 2008.

Mildred E. Methvin
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)

COPY SENT:
DATE: 5/27/08
BY: CW
TO: mem